FILED
MAY 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COMMITTEE ON THE JUDICIARY )
)
United States House of Representatives
Washington, D.C. 20515,

Applicant.

Case: 1:07-mc-00198
Assigned To : Hogan, Thomas F.
Assign. Date : 5/11/2007
Description: Application

### APPLICATION OF THE COMMITTEE ON THE JUDICIARY OF THE U.S. HOUSE OF REPRESENTATIVES FOR AN ORDER IMMUNIZING THE TESTIMONY OF, AND OTHER INFORMATION PROVIDED BY, MONICA GOODLING

Pursuant to 18 U.S.C. §§ 6002 and 6005, the Committee on the Judiciary of the U.S. House of Representatives ("the Committee") respectfully applies for an order immunizing from use in prosecutions the testimony of, and other information provided by, Monica Goodling at proceedings before or ancillary to the Committee (including its subcommittees).

1. Rule X of the Rules of the House of Representatives (110th Cong.) establishes the Committee and vests it with broad oversight responsibility over various subjects, including the "judiciary and judicial proceedings, civil and criminal," "[c]riminal law enforcement," and "[f]ederal courts and judges, and local courts in the Territories and possessions," as well as general oversight over "the organization and operation of Federal agencies and entities having responsibilities for the administration and execution of laws and programs within its jurisdiction." Rule X(1)(k); Rule X(2)(b)(1)(B). Pursuant to House Rule XI, the Committee has established five subcommittees to assist in carrying out the functions of the Committee subject to its authority and direction. Committee Rule V. House Rule XI authorizes the Committee and its subcommittees to conduct investigations, hold hearings and require the attendance of witnesses and the production of documents in connection with matters within the Committee's jurisdiction.



2. Pursuant to its oversight and investigatory authority, the Committee is in the process of conducting proceedings to receive testimony and other information regarding the circumstances surrounding recent terminations of certain United States Attorneys, representations to Congress regarding those circumstances, and related matters.

3. The Committee expects to call Monica Goodling to testify and provide other information at proceedings before or ancillary to the Committee (including its subcommittees), and anticipates that, if called, Monica Goodling would invoke her constitutional privilege against self-incrimination.[1]

4. On April 25, 2007, by a vote of 32-6 in favor (being at least two-thirds of the Committee's 40 members), the Committee adopted a resolution directing the House Office of General Counsel to apply for an order immunizing from use in prosecutions the testimony of, and other information provided by, Monica Goodling at proceedings before or ancillary to the Committee (including its subcommittees). A copy of the Committee's resolution is attached as Exhibit A.

5. By letter hand-delivered April 27, 2007, the Chairman of the Committee notified the Attorney General pursuant to 18 U.S.C. § 6005(b)(3) of the Committee's intention to request an immunity order for Monica Goodling. A copy of the April 27, 2007 letter is attached as Exhibit B.

6. By letter hand-delivered May 7, 2007, the Department of Justice Inspector General and Office of Professional Responsibility notified the Committee -- on behalf of the Department of

---

[1] Ms. Goodling has advised the Committee, in a sworn declaration attached to a letter from her counsel dated March 30, 2007, that if called, she would invoke her constitutional privilege against self-incrimination.

2

Justice – that the Department of Justice does not object to the proposed immunity order, and that the Department of Justice waives its authority to file a deferral application under 18 U.S.C. § 6005(c). A copy of the May 7, 2007 letter is attached as Exhibit C.

Accordingly, the Committee respectfully requests that the Court issue the attached order immunizing from use in prosecutions the testimony of, and other information provided by, Monica Goodling at proceedings before or ancillary to the Committee (including its subcommittees).

                                        Respectfully submitted,

                                        GERALDINE R. GENNET
                                        (DC Bar 213439)
                                        General Counsel
                                        KERRY W. KIRCHER
                                        (DC Bar 386816)
                                        Deputy General Counsel

                                        _____
                                        JOHN D. FILAMOR
                                        (DC Bar 476240)
                                        Assistant Counsel
                                        Office of the General Counsel[2]
                                        U.S. House of Representatives
                                        219 Cannon House Office Bldg.
                                        Washington, D.C. 20515
                                        202/225-9700

                                        Counsel for the Committee on
                                        the Judiciary,
                                        U.S. House of Representatives

May 11, 2007

---

[2] Attorneys in the Office of General Counsel for the U.S. House of Representatives are "entitled, for the purpose of performing the counsel's functions, to enter an appearance in any proceeding before any court of the United States . . . without compliance with any requirement for admission to practice before such court . . . ." 2 U.S.C. § 130f(a).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON THE JUDICIARY )<br>)<br>United States House of Representatives )<br>Washington, D.C. 20515, )<br>)<br>                 Applicant. )<br>) | Misc. No._____ |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE APPLICATION OF THE COMMITTEE ON THE JUDICIARY
OF THE U.S. HOUSE OF REPRESENTATIVES
FOR AN ORDER IMMUNIZING THE TESTIMONY OF,
AND OTHER INFORMATION PROVIDED BY, MONICA GOODLING**

The Committee on the Judiciary of the U.S. House of Representatives ("the Committee") has applied to this Court for an immunity order, pursuant to 18 U.S.C. §§ 6002 and 6005.

Section 6005 provides, in pertinent part, that:

> (a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to . . . any committee, or any subcommittee of either House [of Congress] . . . a United States district court shall issue, in accordance with subsection (b) of this section, upon the request of a duly authorized representative of the . . . committee concerned, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this title.
>
> (b) Before issuing an order under subsection (a) of this section, a United States district court shall find that --
>
>    . . . .
>
> (2) in the case of a proceeding before or ancillary to a committee or a subcommittee of either House of Congress . . . the request for such an order has been approved by an affirmative vote of two-thirds of the members of the full committee; and

> (3) ten days or more prior to the day on which the request for such an order was made, the Attorney General was served with notice of an intention to request the order.

This statute provides the mechanism by which a witness before a congressional committee or subcommittee receives "use immunity" for providing testimony or other information. The immunized witness remains subject to prosecution for the transactions about which he or she testifies if the government sustains the burden of proving at trial that it did not use the immunized testimony or its fruits in the prosecution. *Kastigar v. United States*, 406 U.S. 441, 459-62 (1972). Because the Court's inquiry on an application for an immunity order is narrow and its tests are mechanical, the application may be decided *ex parte* without a hearing. *Ryan v. Commissioner of Internal Revenue*, 568 F.2d 531, 540 (7th Cir. 1977), *cert. denied*, 439 U.S. 820 (1978).[3]

Section 6005 sets out the two requirements for an immunity order, both of which have been satisfied here. First, "the request for such an order has been approved by an affirmative vote of two-thirds of the members of the full committee." 18 U.S.C. § 6005(b)(2). The Committee's April 25, 2007 resolution satisfies this requirement. Exhibit A to the Application.

Second, "ten days or more prior to the day on which the request for such an order was made, the Attorney General was served with notice of an intention to request the order." 18 U.S.C. § 6005(b)(3). On April 27, 2007, the Chairman of the Committee notified the Attorney General of the Committee's intention to request an immunity order for Monica Goodling.

---

[3] The Committee may apply for an immunity order prior to a witness's invocation of her fifth amendment privilege at a Committee proceeding. *In re Application of United States Senate Permanent Subcommittee on Investigations (Cammisano)*, 655 F.2d 1232, 1236-38 (D.C. Cir.), *cert. denied*, 454 U.S. 1084 (1981).

2

Exhibit B to the Application.[4]

Accordingly, it is appropriate for the Court to issue an order immunizing from use in prosecutions the testimony of, and other information provided by, Monica Goodling at proceedings before or ancillary to the Committee (including its Subcommittees).

          Respectfully submitted,

          GERALDINE R. GENNET
          (DC Bar 213439)
          General Counsel
          KERRY W. KIRCHER
          (DC Bar 386816)
          Deputy General Counsel

          _____
          JOHN D. FILAMOR
          (DC Bar 476240)
          Assistant Counsel
          Office of the General Counsel
          U.S. House of Representatives
          219 Cannon House Office Bldg.
          Washington, D.C. 20515
          202/225-9700

          Counsel for the Committee on
          the Judiciary,
          U.S. House of Representatives

May 11, 2007

---

[4] The Attorney General may apply to the court for deferral of the issuance of an immunity order for a period of no more than 20 days from the date of a committee's request for an order. 18 U.S.C. § 6005(c). Here, the Department of Justice has informed the Committee that it does not intend to seek deferral of issuance of the order. Exhibit C to the Application.

## NOTICE OF DELIVERY

On May 11, 2007, I caused to be delivered one courtesy copy each of the foregoing documents: (1) Application of the Committee on the Judiciary of the U.S. House of Representatives Motion for an Order Immunizing the Testimony of, and Other Information Provided by, Monica Goodling; (2) Memorandum of Points and Authorities in Support of the Application of the Committee on the Judiciary of the U.S. House of Representatives Motion for an Order Immunizing the Testimony of, and Other Information Provided by, Monica Goodling; and (3) Proposed Order by hand-delivery on the U.S. Department of Justice

_____
John Filamor

House Committee on the Judiciary

# Resolution

## To Direct House General Counsel
## To Apply for Immunity Order

Resolved, that the Committee on the Judiciary directs the House General Counsel to apply to a United States district court for an order immunizing from use in prosecutions the testimony of, and related information provided by, Monica Goodling under compulsion at proceedings before or ancillary to the Committee regarding the circumstances surrounding recent terminations of U.S. Attorneys, representations to Congress regarding those circumstances, and related matters.

*Approved,* April 25, 2007 in open session, by a roll-call vote of 32- 6, being at least two-thirds of the 40 Members of the full Committee.

*Members voting Aye*: Mr. Conyers, Mr. Berman, Mr. Nadler, Mr. Scott, Mr. Watt, Ms. Lofgren, Ms. Jackson-Lee, Ms. Waters, Mr. Meehan, Mr. Delahunt, Mr. Wexler, Ms. Sánchez, Mr. Cohen, Mr. Johnson, Mr. Gutierrez, Mr. Sherman, Ms. Baldwin, Mr. Weiner, Mr. Schiff, Mr. Davis, Ms. Wasserman Schultz, Mr. Ellison, Mr. Smith, Mr. Coble, Mr. Gallegly, Mr. Goodlatte, Mr. Chabot, Mr. Lungren, Mr. Issa, Mr. Pence, Mr. Feeney; and Mr. Jordan.

*Members voting Nay*: Mr. Sensenbrenner, Mr. Cannon, Mr. Forbes, Mr. King, Mr. Franks; and Mr. Gohmert.

Attest: _____
Anita L. Johnson, Clerk         07-198

FILED
MAY 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOHN CONYERS, JR., Michigan
CHAIRMAN

HOWARD L. BERMAN, California
RICK BOUCHER, Virginia
JERROLD NADLER, New York
ROBERT C. "BOBBY" SCOTT, Virginia
MELVIN L. WATT, North Carolina
ZOE LOFGREN, California
SHEILA JACKSON LEE, Texas
MAXINE WATERS, California
MARTIN T. MEEHAN, Massachusetts
WILLIAM D. DELAHUNT, Massachusetts
ROBERT WEXLER, Florida
LINDA T. SÁNCHEZ, California
STEVE COHEN, Tennessee
HENRY C. "HANK" JOHNSON, JR., Georgia
LUIS V. GUTIERREZ, Illinois
BRAD SHERMAN, California
TAMMY BALDWIN, Wisconsin
ANTHONY D. WEINER, New York
ADAM B. SCHIFF, California
ARTUR DAVIS, Alabama
DEBBIE WASSERMAN SCHULTZ, Florida
KEITH ELLISON, Minnesota

ONE HUNDRED TENTH CONGRESS

**Congress of the United States**
**House of Representatives**
COMMITTEE ON THE JUDICIARY
2138 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6216
(202) 225-3951
http://www.house.gov/judiciary

LAMAR S. SMITH, Texas
RANKING MINORITY MEMBER

F. JAMES SENSENBRENNER, JR., Wisconsin
HOWARD COBLE, North Carolina
ELTON GALLEGLY, California
BOB GOODLATTE, Virginia
STEVE CHABOT, Ohio
DANIEL E. LUNGREN, California
CHRIS CANNON, Utah
RIC KELLER, Florida
DARRELL E. ISSA, California
MIKE PENCE, Indiana
J. RANDY FORBES, Virginia
STEVE KING, Iowa
TOM FEENEY, Florida
TRENT FRANKS, Arizona
LOUIE GOHMERT, Texas
JIM JORDAN, Ohio

April 27, 2007

**BY HAND DELIVERY TO THE OFFICE OF LEGISLATIVE AFFAIRS**

The Honorable Alberto R. Gonzales
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC  20530

**RE: Proposed Grant of Use Immunity to Monica Goodling, Esq.**

Dear Mr. Attorney General:

This letter is to notify you, pursuant to 18 U.S.C. § 6005, that the House Committee on the Judiciary, by a vote of 32 to 6, approved a resolution on Wednesday, April 25, 2007, directing the House General Counsel to apply to a United States District Court on its behalf for an order that would grant use immunity to Monica Goodling for testimony and other information provided to the Committee under compulsion in connection with the Committee's investigation into the circumstances surrounding recent terminations of U.S. Attorneys, representations to Congress regarding those circumstances, and related matters.

The Committee believes that Ms. Goodling, who recently resigned from her position at the Department of Justice, has information critical to our investigation. She was apparently involved in crucial discussions over a two-year period with senior White House aides and with other senior Department of Justice officials in which the termination list was developed, refined, and finalized. She was also in the small group of senior Department lawyers who prepared Deputy Attorney General Paul McNulty and his Principal Associate, William Moschella, for congressional testimony that we believe inaccurately portrayed the surrounding circumstances. She has notified the Committee through counsel, however, that she would invoke her Fifth Amendment privilege against self-incrimination if called to testify or to be interviewed.

07-198
FILED
MAY 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Honorable Alberto R. Gonzales
April 27, 2007
Page two

      The Committee is contemplating directing the House General Counsel to apply to the court in the near future, following the ten-day notice period specified in the statute. Under the statute, the order would not become effective in conferring use immunity to Ms. Goodling unless I communicate it to her, after she has formally invoked her Fifth Amendment privilege against self-incrimination, at a proceeding of, or ancillary to, the Committee.

      The statutory scheme for providing notice to you contemplates that the Department will use the prescribed waiting period – ten days, which you may extend for up to twenty additional days upon application to the court – to assess the Department's own investigatory and prosecutorial interests and advise the Committee as to how those interests might be implicated by conferring use immunity on Ms. Goodling. Under established practice, the Department may also notify the Committee that it is waiving the ten-day waiting period and the optional twenty-day extension in order to enable us to proceed more expeditiously, and I would request that you do so if you are able to consistent with the Department's interests.

      We would invite the Department to provide any information that you believe may be useful to our consideration of this matter. In light of our understanding that both you and Deputy Attorney General Paul McNulty may need to recuse yourselves from consideration of this notice, I am delivering a copy of this letter to the Solicitor General.



Sincerely,

John Conyers, Jr.
Chairman

cc:    The Honorable Paul D. Clement, Solicitor General
        The Honorable Richard A. Hertling
        The Honorable Lamar S. Smith
        The Honorable Linda T. Sánchez
        The Honorable Chris Cannon



**U.S. Department of Justice**

Office of the Inspector General

---

May 7, 2007

The Honorable John Conyers, Jr.
Chairman
Committee on the Judiciary
U.S. House of Representatives
Washington, D.C. 20515-6216

Dear Mr. Chairman:

    This is in response to your letter of April 27, 2007, in which you provided notice to the Attorney General that the House of Representatives Committee on the Judiciary (Committee) has authorized an application to a United States District Court for an order that would grant use immunity to former Department of Justice (Department) employee Monica Goodling in exchange for her testimony before the Committee.

    As you know, the Attorney General and Deputy Attorney General have recused themselves from this matter. Therefore, because the Office of the Inspector General (OIG) and the Office of Professional Responsibility (OPR) are conducting a joint investigation of the removal of United States Attorneys and related issues, and after consultation with the Solicitor General in his capacity as Acting Attorney General in this matter, we are responding on behalf of the Department pursuant to 18 U.S.C. § 6005.

    As we previously discussed with Committee staff in response to their questions, the OIG/OPR joint investigation is in its early stages, and we intend to take the investigation wherever it leads. As in any investigation that potentially could involve evidence of criminal conduct, we would prefer that any potential subject not be granted immunity at this stage of the investigation.

    However, we understand the Committee's interest in obtaining Ms. Goodling's testimony. Therefore, after balancing the significant congressional and public interest against the impact of the Committee's actions on our ongoing investigation, we will not raise an objection or seek a deferral pursuant to the provisions of 18 U.S.C. § 6005.

    Please contact us if you have additional questions about this matter.

Sincerely,

Glenn A. Fine
Inspector General

H. Marshall Jarrett
Counsel, Office of
Professional Responsibility

07-198
**FILED**
MAY 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

cc:  The Honorable Lamar Smith
Ranking Member
Committee on the Judiciary
U.S. House of Representatives

The Honorable Linda T. Sanchez
Chairwoman, Subcommittee on Commercial and Administrative Law
Committee on the Judiciary
U.S. House of Representatives

The Honorable Chris Cannon
Ranking Member, Subcommittee on Commercial and Administrative Law
Committee on the Judiciary
U.S. House of Representatives

The Honorable Paul D. Clement
Solicitor General
U.S. Department of Justice